UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SIMRANJEET SINGH,

    Petitioner,

    v.                                                                 CAUSE NO. 3:26-CV-1073-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Immigration detainee Simranjeet Singh, by counsel, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the

laws or Constitution of the United States. (ECF 1.)

Mr. Singh is a citizen of India who entered the United States without inspection.

(ECF 7-2 at 7-10.) In 2023, he was detained by United States Border Patrol agents near the

U.S.-Mexico border in Arizona, served with a notice to appear in immigration court, and

released on his own recognizance. (*Id.*) In June 2026, he was arrested by local law

enforcement in Indiana for operating a vehicle while intoxicated. (*Id.*) Shortly thereafter, he

was taken into custody by United States Immigration and Customs Enforcement (ICE)

agents in Indiana pursuant to an administrative warrant. (*Id.*) He is currently detained at

Miami Correctional Facility pending the outcome of his removal proceedings. (ECF 1.)

He states that immigration officials have not given him an opportunity for release

on bond after his re-detention because they view him as ineligible for bond under 8 U.S.C.

§ 1225(b)(2). (ECF 1.) He argues this statutory provision does not apply to him, and that

his detention without an opportunity for bond violates applicable statutes and regulations, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 22-30.) He seeks immediate release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 31.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondent answered the petition (ECF 7), and Mr. Singh filed a reply (ECF 10).

In his response, the Warden (through his federal counsel) repeated his arguments from *Aguilar* and other cases that the court lacks jurisdiction over the petition and that Mr. Singh's detention is authorized by § 1225(b)(2). (ECF 7.) However, after the Warden's response was filed, the Seventh Circuit joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission'" fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the

2

INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026 WL 2198315, at \*2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

In light of this intervening decision, the Warden now concedes that Mr. Singh's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized custody redetermination hearing. (ECF 9.) The Warden nevertheless argues that Mr. Singh "still must move the immigration court for the hearing and exhaust his administrative remedies." (*Id.* at 1-2.) In reply, Mr. Singh argues that since the Seventh Circuit has resolved this legal issue in his favor, he is entitled to immediate release from custody. (ECF 10.)

The parties agree that 8 U.S.C. § 1226(a) applies. That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Mr. Singh was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 7-2 at 11.) However, he has not been granted an opportunity for bond by an immigration judge because the government viewed him as ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained.

The Warden argues that the court should not grant Mr. Singh any relief until he exhausts all available administrative remedies. (ECF 9.) The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Singh argues that exhaustion would be futile because of the agency's long-standing position on § 1225(b)(2), but in light of the Seventh Circuit's recent opinion in

*Cirrus Rojas*, futility is no longer reasonable to presume. The Warden represents that "if Petitioner moves for a custody redetermination in immigration court, a bond hearing will be scheduled and held." The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Mr. Singh also suggests that exhaustion is futile because the BIA has no ability to resolve his Due Process claim, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). If he has a bond hearing, he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3). A favorable ruling could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and

individual interests change (or become moot altogether) based on administrative proceedings").

Although Mr. Singh asks for outright release, he was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). Under these circumstances, the appropriate course is to require Mr. Singh to pursue a bond request in his removal proceedings. Unless he is found categorically ineligible for bond after requesting a custody redetermination by an immigration judge, it is premature for him to seek federal habeas relief.

For these reasons, the petition is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on August 13, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT